## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TONI MCLAURIN,

         *Plaintiff*,                       Case No.

v.                                    Hon.

CITY OF BALTIMORE, a political subdivision of the State of Maryland; P.O. LARONDE FABIEN, individually and in his official capacity as a public safety officer; JOHN DOE OFFICERS 1-5; individually and in their official capacities as public safety officers; JOHN DOE SUPERVISORS 1-10, individually and in their official supervisory capacities;

         *Defendants*.

_____/

SOLOMON M. RADNER (20195)
EXCOLO LAW, PLLC
Attorneys for Plaintiff
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
sradner@excololaw.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

     Plaintiff, TONI MCLAURIN, by and through her attorneys, EXCOLO LAW, PLLC and SOLOMON M. RADNER, respectfully alleges the following:

## JURISDICTION AND VENUE

1.     This is a civil action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

2.     This Court has original jurisdiction over Plaintiff's claims presented in this

Complaint based upon the laws of the United States pursuant to 28 U.S.C.

§§ 1331 and 1343.

3.     The amount in controversy exceeds Seventy-Five Thousand ($75,000.00)

Dollars, excluding interest, costs and attorney fees.

4.     The unlawful actions alleged in this Complaint took place within the

jurisdiction of the United States District Court for the District of Maryland.

5.     Venue is appropriate in the District of Maryland pursuant to 28 U.S.C. §

1391(b) since the Individual Defendants are residents of Maryland and the

acts providing the legal basis for this Complaint occurred in the County of

Baltimore, State of Maryland.

## PARTIES

6.     Plaintiff, TONI MCLAURIN, at all pertinent times was a resident of the

County of Baltimore and the State of Maryland.

7.     Defendant, P.O. LARONDE FABIEN, at all pertinent times was a resident

of the County of Baltimore and the State of Maryland, was employed by

the City of Baltimore as a public safety officer, and is being sued

individually and in his official capacity, jointly and severally with the other

Defendants named herein.

8.     Defendants JOHN DOE OFFICERS 1-5, at all pertinent times were

residents of the County of Baltimore and the State of Maryland, were

employed by the City of Baltimore as public safety officers, and are being

sued individually and in their official capacities, jointly and severally with the other Defendants named herein.

9.      Defendant City of Baltimore is a governmental entity in the State of Maryland and operates the Baltimore City Police Department. Defendant City of Baltimore is responsible for the policies, practices, customs, and procedures of the Baltimore City Police Department, for the training and supervision of the police officers of the Baltimore City Police Department, including the training and supervision of the individually named Defendant Officers, and for those acts committed pursuant to the training, supervision, policies, practices, customs, and procedures that deprived Plaintiff of his fundamental constitutional rights as set forth in this Complaint.

10.     The individual Defendants named in this Complaint will herein be referred to as the individually named Defendant Officers. Upon information and belief, all the individually named Defendant Officers are citizens of the United States and are City of Baltimore police officers. Furthermore, at all times relevant to this action these Defendants were acting under the color of law and were acting within the course and scope of their employment with the City of Baltimore.

11.     Defendants JOHN DOE SUPERVISORS 1-10, are the individuals tasked with supervising each of the Defendant Officers named herein, and will be referred to as "Defendant Supervisors". Upon information and belief, all of the Defendant Supervisors are citizens of the County of Baltimore and

State of Maryland. Furthermore, at all times relevant to this action these Defendants were acting under the color of law and were acting within the course and scope of their employment with the City of Baltimore. As the Chief of Police and related supervisors, Defendant Supervisors were responsible for establishing and enforcing constitutionally permissible duties, conduct, and discipline of officers and other employees of the Baltimore City Police Department.

12. On or about November 22, 2014, at the time of the events alleged in this Complaint, all the individually named Defendants were at all times each acting in their individual capacities, within the course and scope of their employment as police officers and/or agents employed by the City of Baltimore, and under the color of law.

## FACTUAL BACKGROUND

13. On or about November 22, 2014, Plaintiff was leaving a barber shop with her boyfriend when an unmarked vehicle approached them.

14. Plaintiff's boyfriend, thinking he was about to be robbed, ran.

15. Plaintiff and her boyfriend then realized the vehicle was occupied by Defendant Officers.

16. Defendant Officers chased Plaintiff's boyfriend and began to viciously assault him.

17. As Defendant Officers were beating Plaintiff's boyfriend, Plaintiff was handcuffed without any probable cause.

18. Plaintiff, an innocent bystander, to the brutal beating and unlawful arrest of her boyfriend, was unconstitutionally arrested by Defendant Officers.

19. During her interactions with Defendant Officers, Plaintiff, at no time, resisted and/or displayed any threatening behavior.

20. All the individually named Defendant Officers ignored Plaintiff's clear physical distress and denied her relief without justification.

21. Upon information and belief, none of the individually named Defendant Officers observed Plaintiff commit any violent felony or crime at any time prior to or during the confrontation and unlawful arrest of Plaintiff.

22. Plaintiff did not have any firearm, weapon, or display an object that appeared to be a weapon at any time prior to or during the confrontation.

23. Plaintiff did not threaten in anyway the individually named Defendant Officers at any time prior to or during the confrontation.

24. Plaintiff did not pose an immediate threat of harm to any of the individually named Defendant Officers or any other person in the immediate vicinity at any time prior to or during the confrontation.

25. Plaintiff did not pose any realistic likelihood of risk of flight at any time prior to or during the confrontation.

26. The individually named Defendant Officers did not have any justifiable excuse or reason to deny Plaintiff medical care or to arrest her. At no time relevant, did the individually named Defendant Officers have any probable cause to detain Plaintiff.

27.    As a direct and proximate result of the wrongful acts and omissions of the individually name Defendant Officers, Plaintiff sustained damages.

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (MUNICIPAL LIABILITY)

### (Against the City of Baltimore)

28.    Plaintiff incorporates herein all the prior allegations.

29.    The City of Baltimore and the Baltimore City Police Department had an obligation to train their police officers regarding the constitutional rights of citizens to due process and a fair trial, how those rights are protected and how those rights are violated.

30.    The City of Baltimore and the Baltimore City Police Department had an obligation to supervise their police officers to ensure that the constitutional rights of citizens were not violated.

31.    The City of Baltimore and the Baltimore City Police Department had an obligation to train their police officers regarding proper dealing with individuals during vehicle stops.

32.    The City of Baltimore and the Baltimore City Police Department failed to comply with those obligations and had a custom or policy of acting with deliberate indifference to violations of the constitutional rights of the City's citizens by police officers and had a custom or policy of failing to train and/or failing to supervise police officers regarding the protection/violation

of those constitutional rights and regarding proper dealing during vehicle stops. The individually named Defendants acted in accordance with that policy and/or custom of the City of Baltimore, and the policy was the driving force behind the violation of Plaintiff's constitutional rights.

33.   By inadequately training and/or supervising their police officers and having a custom or policy of deliberate indifference to the constitutional rights of their citizens, the City of Baltimore and the Baltimore City Police Department encouraged and cultivated the conduct which violated Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

34.   The conduct of the City of Baltimore and the Baltimore City Police Department violated 42 U.S.C. § 1983.

35.   The Baltimore City Police Department engages in a pattern or practice of conduct that violates the United States Constitution and laws.

36.   The Baltimore City Police Department makes unconstitutional stops, searches, and arrests that stem in part from its "Zero Tolerance" enforcement strategy.

37.   The Baltimore City Police Department unconstitutionally stops and searches pedestrians.

38.   The Baltimore City Police Department makes unconstitutional arrests.

39.   The Baltimore City Police Department's unconstitutional stops, searches, and arrests are the result of a longstanding practice of overly aggressive street enforcement with deficient oversight and/or policy guidance.

40.   The Baltimore City Police Department discriminates against African Americans in its enforcement activities.

41.   The Baltimore City Police Department's enforcement activities disproportionately impact African Americans.

42.   The Baltimore City Police Department uses unreasonable force.

43.   The Baltimore City Police Department's overly aggressive tactics unnecessarily escalate encounters and results in excessive force.

44.   The Baltimore City Police Department uses unreasonable force against individuals with mental health disability and those in crisis and fails to make reasonable modifications when interacting with individuals with mental health disabilities.

45.   The Baltimore City Police Department uses unreasonable force against juveniles and ignores widely accepted strategies for interactions with youth.

46.   The Baltimore City Police Department uses unreasonable force against people who are not a threat to officers or the public.

47.   The Baltimore City Police Department's deficient policies, training, crisis intervention program, and lack of oversight underlie the pattern or practice of excessive force and violations of the Americans with Disabilities Act.

48.     The Baltimore City Police Department's transport practices create significant risk of harm.

49.     The Baltimore City Police Department unlawfully restricts protected speech.

50.     The Baltimore City Police Department unlawfully detains and arrests members of the public for protected speech.

51.     The Baltimore City Police Department retaliates by using force against individuals who engage in protected speech.

52.     The Baltimore City Police Department interferes with the right to record public police activity.

53.     Systemic deficiencies in the Baltimore City Police Department's practices contribute to constitutional violations, erodes community trust, and inhibits effective policing.

54.     The Baltimore City Police Department fails to adequately supervise its officers' enforcement activities.

55.     The Baltimore City Police Department does not provide adequate policy guidance and training to its officers.

56.     The Baltimore City Police Department does not adequately supervise officers or collect and analyze data on their activities.

57.     The Baltimore City Police Department fails to hold its officers accountable for misconduct.

58.   The Baltimore City Police Department lacks adequate systems to investigate complaints and impose discipline.

59.   The Baltimore City Police Department's internal culture is resistant to effective discipline.

60.   While, the Baltimore City Police Department was being investigated by the United States Department of Justice in 2017, the Baltimore City Police Department began to make changes to its policies to better embrace community policing principles and more effectively serve its community. These changes only began after the facts that give rise to this Complaint.

61.   The Baltimore City Police Department fails to equip its officers with the necessary equipment and resources they need to police safely, constitutionally, and effectively.

62.   Stating in at least the late 1990s, the City of Baltimore and the Baltimore City Police Department encouraged "zero tolerance" street enforcement that prioritized officers making large numbers of stops, searches, and arrests – and often resorting to force – with minimal training and insufficient oversight from supervisors or through other accountability structures. These practices led to repeated violations of constitutional and statutory rights, further eroding the community's trust in the police.

63.   Many Baltimore City Police Department supervisors instruct officers to make frequent stops and arrests – even for minor offenses and with minimal or no suspicion – without sufficient consideration to whether this

enforcement strategy promotes public safety and community trust or conforms to constitutional standards.

64. The Baltimore City Police Department recorded over 300,000 pedestrian stops from January 2010 – May 2015, and the true number of Baltimore City Police Department stops during this period is likely far greater due to under-reporting. These stops are concentrated in predominately African-American neighborhoods and often lack reasonable suspicion.

65. The Baltimore City Police Department's targeted policing of certain Baltimore neighborhoods with minimal oversight or accountability disproportionately harms African-American residents.

66. African Americans accounted for 95 percent of the 410 individuals the Baltimore City Police Department has stopped at least 10 times.

67. The Baltimore City Police Department deployed a policing strategy that, by its design, led to differential enforcement in African-American communities.

68. In some cases, the Baltimore City Police Department supervisors have ordered officers to specifically target African Americans for stops and arrests.

69. Deficiencies in the Baltimore City Police Department's policies, training, and oversight of officers' force incidents have led to a pattern or practice of excessive force.

70. Officers frequently detain and arrest members of the public for engaging in speech the officers perceive to be critical or disrespectful. The Baltimore City Police Department has failed to provide officers with sufficient guidance and oversight regarding their interactions with individuals that implicate First Amendment protections, leading to the violations.

71. The Baltimore City Police Department's systemic constitutional and statutory violations are rooted in structural failures. The Baltimore City Police Department fails to use adequate policies, training, supervision, data collection, analysis, and accountability systems, has not engaged adequately with the community it polices, and does not provide its officers with the tools needed to police effectively.

72. Plaintiff's physical and emotional injuries and/or damages were a direct and proximate result of the conduct of the City of Baltimore and the Baltimore City Police department and their deliberate indifference to her Constitutional rights.

73. As a direct and proximate result of Defendants' violation of Plaintiff's constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to:

    a. Physical pain and suffering;

    b. Mental anguish;

    c. Severe emotional distress;

    d. Fright and shock;

e.  Denial of social pleasures and enjoyment;

f.  Humiliation or mortification;

g.  Reasonable medical bills and expenses for the past, present and future;

h.  Punitive damages;

i.  Exemplary damages;

j.  Pre-Judgment Interest;

k.  Post-Judgment Interest; and

l.  All other damages properly recoverable under law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FOURTH AND FOURTEENTH AMENDMENTS – SUPERVISORY
## VIOLATIONS)

### (Against the Defendant Supervisors)

74.  Plaintiff incorporates herein all the prior allegations.

75.  Defendant Supervisors were acting under the color of law in their actions and omissions at all times relevant to this action.

76.  Defendant Supervisors were acting in the capacity of supervisors of and to the Baltimore City Police Department and its police officers. As

supervisors, Defendant Supervisors were responsible for the training, instruction, supervision, discipline, and control of the Defendant Officers who unlawfully violated Plaintiff's constitutional rights.

77.   Upon information and belief, Defendant Supervisors received complaints about the conduct of the officers with the Baltimore City Police Department, including the Defendant Officers who unlawfully violated Plaintiff's constitutional rights, or in the exercise of due diligence would have perceived that the Defendant Officers had exhibited conduct or disciplinary problems that posed a pervasive and unreasonable risk of harm to citizens like Plaintiff.

78.   Defendant Supervisors knew, or in the exercise of due diligence would have known, that the conduct displayed by their officers was likely to violate the constitutional rights of citizens like Plaintiff.

79.   Defendant Supervisors failed to take any preventative or remedial measures to guard against the conduct of their officers. The failure of Defendant Supervisors amounted to gross negligence, deliberate indifference, or deliberate misconduct, which directly caused the deprivations suffered by Plaintiff. Defendant Supervisors failed to train, instruct, supervise, or discipline the officers of the Baltimore City Police Department, and said failures caused Plaintiff's damages.

80.   As a direct and proximate result of the Defendant Supervisors' willful violation of Plaintiff's constitutionally-protected rights, Plaintiff has

suffered and will continue to suffer damage into the future, including, but not limited to:

    a.  Physical pain and suffering;

    b.  Mental anguish;

    c.  Severe emotional distress;

    d.  Fright and shock;

    e.  Denial of social pleasures and enjoyment;

    f.  Humiliation or mortification;

    g.  Reasonable medical bills and expenses for the past, present and future;

    h.  Punitive damages;

    i.  Exemplary damages;

    j.  Pre-Judgment Interest;

    k.  Post-Judgment Interest; and

    l.  All other damages properly recoverable under law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

### COUNT III
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (FOURTH AND FOURTEENTH AMENDMENTS – UNLAWFUL ARREST)

## (Against the Individual Defendant Officers)

81.   Plaintiff incorporates herein all the prior allegations.

82.   The Fourth Amendment requires police officers to possess sufficient probable cause before placing a criminal suspect under arrest.

83.   Defendant Officers intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, handcuffed, and/or arrested Plaintiff without any lawful basis.

84.   Plaintiff's arrest was based on Defendant Officers' knowing, deliberate, and reckless disregard for the truth, wherein they made false statements and omissions that created falsehoods that were incorporated into documents, including false and/or misleading police reports. Such statements were material and necessary to finding probable cause for the false charges that were levied against Plaintiff. The false arrest was made and continued under the color of law and without proper investigation, study, diligence, or basis. Further, the Defendant Officers had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense.

85.   Defendant Officers intentionally arrested Plaintiff and/or had her arrested with the intention of confining her within fixed boundaries. Additionally, Defendant Officers' conduct in arresting and confining Plaintiff deprived her of her liberty without her consent, probable cause, legal justification, just cause, or any other legally valid reason. Plaintiff was well aware and

conscious of her confinement and the proceedings were terminated completely in her favor.

86. Plaintiff's arrest was maliciously procured and instigated, and caused the false imprisonment, unlawful restraint and detention of Plaintiff, thereby depriving her of her freedom of movement.

87. Plaintiff's false arrest was an abuse of the privilege of detention, and the Defendant Officers acted with actual malice in detaining Plaintiff without the proper right or legal justification or excuse and with a motive influenced by ill will, hate, and with the purpose of willfully injuring Plaintiff.

88. At all times relevant, Plaintiff had a clearly established right to liberty protected in the substantive components of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including her right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

89. At all times relevant, as police officers acting under color of law, the individually named Defendant Officers were required to obey the laws of the United States, including those laws identified under the Fourth and Fourteenth Amendments of the United States Constitution.

90. Pursuant to 42 U.S.C. §§ 1983 and 1988, the individually named Defendant Officers are liable to Plaintiff for all damages allowed under federal law

and the Maryland damages statutes. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

91. The conduct of Defendant Officers was and remains extreme and outrageous subjecting Defendants to punitive damages.

92. As a direct and proximate result of the individually named Defendant Officers' willful violation of Plaintiff's constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including, but not limited to:

    a.  Physical pain and suffering;

    b.  Mental anguish;

    c.  Severe emotional distress;

    d.  Fright and shock;

    e.  Denial of social pleasures and enjoyment;

    f.  Humiliation or mortification;

    g.  Reasonable medical bills and expenses for the past, present and future;

    h.  Punitive damages;

    i.  Exemplary damages;

    j.  Pre-Judgment Interest;

k.  Post-Judgment Interest; and

l.  All other damages properly recoverable under law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

**COUNT IV**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(FOURTH AND FOURTEENTH AMENDMENTS – EXCESSIVE**
**FORCE)**

**(Against the Individual Defendant Officers)**

93.  Plaintiff incorporates herein all the prior allegations.

94.  At all times relevant, Plaintiff had a clearly established right to liberty protected in the substantive components of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including her right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

95.  At all times relevant, as police officers acting under color of law, the individually named Defendant Officers were required to obey the laws of the United States, including those laws identified under the Fourth and Fourteenth Amendments of the United States Constitution.

96.     In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, the individually named Defendant Officers employed unnecessary, unreasonable, and excessive force against Plaintiff, thereby inflicting horrendous personal injuries upon her.

97.     In violation of Plaintiff's clearly established constitutionally-protected right to be free form punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, the individually named Defendant Officers failed to act to prevent the use of unnecessary, unreasonable, and excessive force against Plaintiff.

98.     Pursuant to 42 U.S.C. §§ 1983 and 1988, the individually named Defendant Officers are liable to Plaintiff for all damages allowed under federal law and the Maryland damages statutes. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

99.     The conduct of Defendant Officers was and remains extreme and outrageous subjecting Defendants to punitive damages.

100.  As a direct and proximate result of the individually named Defendant Officers' willful violation of Plaintiff's constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including, but not limited to:

    a.  Physical pain and suffering;

    b.  Mental anguish;

    c.  Severe emotional distress;

    d.  Fright and shock;

    e.  Denial of social pleasures and enjoyment;

    f.  Humiliation or mortification;

    g.  Reasonable medical bills and expenses for the past, present and future;

    h.  Punitive damages;

    i.  Exemplary damages;

    j.  Pre-Judgment Interest;

    k.  Post-Judgment Interest; and

    l.  All other damages properly recoverable under law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## COUNT V
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FOURTH AMENDMENT – FAILURE TO INTERVENE)

### (Against the Individual Defendant Officers)

101.   Plaintiff incorporates herein all the prior allegations.

102.   Each Defendant Officer had a duty to intervene when other Defendant Officers were violating Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, which in effect, resulted in the infliction of excessive force and punishment upon Plaintiff.

103.   Defendant Officers observed and/or had reason to know that excessive force amounting to punishment was being inflicted upon Plaintiff without a legitimate goal and/or justification.

104.   Defendant Officers had the opportunity and means to prevent the excessive force and punishment and/or violation of the rights of Plaintiff from occurring.

105.   Defendant Officers were acting with deliberate indifference to the above described acts being inflicted upon Plaintiff, and as such, was the proximate cause of the injuries suffered by Plaintiff.

106.   The foregoing conduct by Defendant Officers itself amounted to a constitutional violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

107. As a direct and proximate result of the individually named Defendant Officers' willful violation of Plaintiff's constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to:

    a.  Physical pain and suffering;

    b.  Mental anguish;

    c.  Severe emotional distress;

    d.  Fright and shock;

    e.  Denial of social pleasures and enjoyment;

    f.  Humiliation or mortification;

    g.  Reasonable medical bills and expenses for the past, present and future;

    h.  Punitive damages;

    i.  Exemplary damages;

    j.  Pre-Judgment Interest;

    k.  Post-Judgment Interest; and

    l.  All other damages properly recoverable under law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## COUNT VI

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FOURTH AND FOURTEENTH AMENDMENTS – CONSPIRACY)

### (Against All Defendants)

108.   Plaintiff incorporates herein all the prior allegations.

109.   Defendants conspired and entered into express and/or implied agreements, understandings, or meetings of the minds among themselves for the purpose of depriving, either directly or indirectly, Plaintiff of the equal protections of the laws and of her equal privileges and immunities under the law. As alleged above, Defendants have evidenced an animus against Plaintiff.

110.   Defendants' actions were under the color of law and evidence a reckless and callous disregard for, and deliberate indifference to, Plaintiff's constitutional rights.

111.   As a result of Defendants' conspiracy, Plaintiff has suffered and continues to suffer damage including, but not limited to, embarrassment, mental anguish, emotional distress, damage to reputation, exemplary damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

### JURY TRIAL DEMAND

Plaintiffs demand a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: November 22, 2017

Respectfully submitted,

EXCOLO LAW, PLLC

By:   */S/ Solomon M. Radner*
      SOLOMON M. RADNER (20195)
      Attorney for Plaintiff
      26700 Lahser Road, Suite 401
      Southfield, Michigan 48033
      866.939.2656
      sradner@excololaw.com